PAYNE *v.* WOOD.

Opinion delivered November 29, 1920.

DAMAGES—WHEN EXCESSIVE.—Where plaintiff brought action for the killing of his horse by striking it with a train in August, 1918, and did not sue for prior injuries to the horse by another train inflicted in May of that year, and did not ask to amend his complaint to include the first injury, and did not object to an instruction that the jury should not consider the first injury, a judgment for $100 will be set aside; the undisputed testimony showing that the horse was almost valueless at the time he was killed.

Appeal from Ouachita Circuit Court; *Chas. W. Smith*, Judge; reversed.

*Daniel Upthegrove, J. R. Turney* and *Gaughan & Sifford*, for appellant.

1. The complaint should not be treated as amended to conform to the proof, as the cause of action was barred. The court erred in refusing to direct a verdict for defendant, as there was no evidence that the horse had any value at the time he was injured. The court correctly refused to allow plaintiff to amend the complaint. Kirby's Digest, § 6145; 75 Ark. 465; 132 *Id.* 368; 124 *Id.* 207. The action was barred. Kirby's Dig., § 6776; 59 Ark. 447; 3 L. R. A. (N. S.) 269, note C.

2. The verdict is excessive, and a verdict should have been directed for defendant, as the injury was unavoidable, and the presumption of liability under the statute was overcome.

HART, J. Appellant prosecutes this appeal to reverse a judgment for the alleged negligent killing of a horse belonging to appellee by one of appellant's passenger trains.

According to the evidence adduced by appellee, he found his horse crippled near appellant's railroad track on the morning of May 6, 1918. Before that time the horse was worth $150, but after that time he was not able to do any work and was almost valueless. On Au-

gust 1, 1918, the horse was struck by one of appellant's passenger trains and was killed.

The testimony of the engineer operating the passenger train in August, 1918, tended to show no negligence on the part of appellant.

At the request of the appellee the court instructed the jury that, in case it should find for appellee, it should assess his damages in the amount of the cash market value of the horse at the time he was killed.

At the request of the appellant, the court told the jury that appellee could only recover the value of the horse at the time he was killed and could recover nothing on account of the injury alleged to have been inflicted on the horse by one of its trains prior to the time he was killed.

The record shows that appellee brought this suit to recover damages for killing his horse by striking it with one of appellant's passenger trains on the 1st day of August, 1918. Appellee did not sue to recover for the injuries alleged to have been inflicted upon his horse by one of appellant's trains during the month of May, 1918. He did not ask to amend his complaint to include this injury. Without objection on his part, the court instructed the jury that it could not consider the injury to the horse which was inflicted in May, 1918, in assessing damages. If appellee wished to recover for this injury, he should have asked to have the complaint amended and have objected to the instruction given by the court limiting the amount of his recovery to the value of the horse at the time he was killed in August, 1918. Not having done so, he was only entitled to recover the value of the horse at the time he was killed in August, 1918. At that time the undisputed evidence shows that the horse was of little or no value. The jury returned a verdict in favor of the appellee for $100. There is no evidence to support it. Therefore, the judgment must be reversed and the cause remanded for a new trial.